UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in compliance with D.N.J. LBR 9004-1

**LANCIANO & ASSOCIATES, L.L.C.**
Larry E. Hardcastle, II, Esq. – Id No.: 025742010
2 Route 31 North
Pennington, New Jersey 08534
(609) 452-7100
lhardcastle@lancianolaw.com

| | |
|---|---|
| In Re: | Chapter 11 |
| PERFORMANCE SPINE & SPORTS MEDICINE OF BORDENTOWN, L.L.C. | Case No.: 21-11786 (KCF) |
| Debtor. | |
| KJHONSON URBAN RENEWAL, L.L.C. | Adversary No.: 21-01239 (KCF) |
| Plaintiff, | |
| vs. | |
| PERFORMANCE SPINE & SPORTS MEDICINE, L.L.C., | |
| Defendant. | |

**PLAINTIFF KJOHNSON URBAN RENEWAL, L.L.C.'S BRIEF IN SUPPORT OF ITS MOTION TO REMAND THE ACTION TO STATE COURT**

On the Brief:

    Larry E. Hardcastle, II, Esq.

## TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

RELEVANT FACTS ................................................................................................................ 1

LEGAL ARGUMENT .............................................................................................................. 3

CONCLUSION ......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Boyer v. Snap-on Tools Corp.*,
  913 F.2d 108 (3d Cir. 1990) ............................................................................................. 3

*City of Chicago v. Fulton*,
  141 S. Ct. 585 (2021) ....................................................................................................... 5

*In re Resorts Int'l, Inc.*,
  372 F.3d 154 (3d Cir. 2004) ............................................................................................. 4

*Pacor, Inc. v. Higgins*,
  743 F.2d 984 (3d Cir. 1984) ............................................................................................. 4

*Steel Valley Auth. V. Union Switch & Signal Civ.*,
  809 F.2d 1006 (3d Cir. 1987) ........................................................................................... 3

**Statutes**

28 U.S.C. § 1334 ..................................................................................................................... 4

28 U.S.C. § 1452 ..................................................................................................................... 4

**Rules**

R. 4:28-1 .................................................................................................................................. 5

## INTRODUCTION

Plaintiff KJohnson Urban Renewal, LLC ("Plaintiff") sued Performance Spine and Sports Medicine, LLC ("Defendant") based on a lease agreement between those parties. The Defendant seeks removal because Performance Spine and Sports Medicine, LLC ("Debtor") purportedly entered into a different lease with Plaintiff that the Defendant asserts is operative. Thus, the Defendant argues that the state court action relates to the Debtor's bankruptcy and implicates the Debtor's estate property. But that is not remotely true. Instead, determining whether the lease between Plaintiff and Defendant is enforceable will resolve the state court action. That resolution cannot conceivably affect the Debtor's estate. Thus, the Court should remand the case.

Removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. When a party seeks remand, the removing party bears the burden of proving federal jurisdiction. The rigorous test counsels remanding the state court action.

The Defendant argues that the state court action relates to or implicates the property of Debtor's bankruptcy. For a case to be related to a bankruptcy case, the suit must conceivably affect a bankruptcy estate. For a case to implicate the property of a bankruptcy estate, the suit must concern the legal or equitable claims of the bankruptcy estate. Neither provision applies to the state court action. Whether a judge or jury finds the lease enforceable or unenforceable will not change any aspect of the Debtor's estate. If the Debtor has claims against the Plaintiff, those claims will survive the state court action determination. Thus, the Defendant cannot show federal jurisdiction, and the Court should remand the state court action.

## RELEVANT FACTS

The lease proffered by the Defendant was executed on January 22, 2012. (*See* Notice of Removal of Action Ex. B ("Superseded Lease"), p. 1). But the Superseded Lease was not

between the Plaintiff and the Debtor, as suggested by the Defendant. Instead, it was between the Plaintiff and an "[ENTITY CONTROLLED BY PERFORMANCE SPINE AND SPORTS MEDICINE]." (*See id.*). That the Debtor was not a party to the Superseded Lease made sense: the Debtor was not formed for eighteen months after the parties executed the Superseded Lease. (Declaration of David P. Silber, Esq. ("Silber Decl.") ¶ 11, Ex. 11).

Several months later, the Plaintiff entered into a lease with the Defendant. (*See* Notice of Removal of Action Ex. A ("State Court Compl."), Ex. A ("Operative Lease") p. 1). That action was perfectly consistent with the Superseded Lease, which permitted the "[ENTITY CONTROLLED BY PERFORMANCE SPINE AND SPORTS MEDICINE]" to assign it without the Plaintiff's consent to, among other entities, one controlling it. (Superseded Lease pp. 30-31). When the Defendant entered into the Operative Lease, the Debtor's sponsors still had not registered it. (Silber Decl. ¶ 11, Ex. 11).

On or around April 25, 2013, Percy Naranjo, purporting to act on behalf of the Debtor, executed a document titled "First Amendment to Lease." (Silber Decl. ¶ 15, Ex. 14). But when Naranjo executed that document, the Debtor's sponsors were still about two months away from registering it. (Silber Decl. ¶ 11, Ex. 11). That document does not reference the lease that it purports to amend. (Silber Decl. ¶ 15, Ex. 14).

After about six years, the Defendant sought, and the Plaintiff consented to, an amendment to the Operative Lease. (State Court Compl., Ex. C ("Second Amendment") p. 1) That amendment specifically identified the Operative Lease as the lease it was amending. (*Id.*). It referenced the First Amendment in the preamble detailing the history of the parties' transactions. And non-party Matthias Wiederholz signed the Second Amendment. (*Id.*).

Finally, a few months after executing the Second Amendment, the Defendant sought, and the

Plaintiff granted, an addendum to the Operative Lease. (Silber Decl. ¶ 31, Ex. 27 ("First Addendum")). Like the Second Amendment, the First Addendum specifically referenced the Operative Lease as the lease it was amending. (*Id.*). Like the Second Amendment, the First Addendum specifically referenced the First Amendment in the preamble detailing the history of the parties' transactions. (*Id.*). Further, like the Second Amendment, it was signed by Mr. Wiederholz. (*Id.*).

Like the contractual documents, nearly all the parties' communications support the conclusion that the Defendant was the tenant. First, in the pre-lease negotiations, only the Defendant's financial information was provided. (Silber Decl. ¶¶ 4-6, Exs. 1-5). Second, the attorney negotiating the lease identified her client as the Defendant. (Silber Decl. ¶ 7, Ex. 7). Third, all of KJUR's invoices and lease-related notices went to the Defendant. (Silber Decl. ¶¶ 16-27, Exs. 15-26).

Based on the preceding timeline, it is a matter of fact that the Debtor never executed a lease with the Plaintiff during its existence. Furthermore, Defendant was the only party with whom the Plaintiff dealt during the Defendant's tenancy. The Debtor is only referenced in the two subleases *drafted by the Defendant* and presented to the Plaintiff for its consent in mid-2019 and early 2020. But because the Defendant remained liable for payment of the rent under the Operative Lease, it had little incentive to scrutinize the Defendant's documents.

## **LEGAL ARGUMENT**

Removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. V. Union Switch & Signal Civ.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removing party bears the burden of proving that jurisdiction exists. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The Defendant argues that

removal is appropriate under 28 U.S.C. § 1452(a) because the state court action relates to the bankruptcy and includes claims belonging to the Debtor.

28 U.S.C. § 1452(a) permits removal of actions pending in, among other forums, state court if the "district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). 28 U.S.C. § 1334(b) and (e) provides for district court jurisdiction over cases that arise out of or relate to bankruptcy cases and over all of the bankruptcy debtor's property, respectively. 28 U.S.C. § 1334(b), (e). As set forth below, the state court action does not satisfy either provision, so the Court should remand the state court action. *See* 28 U.S.C. § 1452(b).

The state court action is unrelated to the bankruptcy. A bankruptcy court's "related to" jurisdiction is indeed broad, but it is not limitless. *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163-64 (3d Cir. 2004). The test, therefore, is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted). Even if the debtor is not named in an action, it will still be "related to" a bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *Pacor, Inc.*, 743 F.2d at 994. The state court action does not satisfy that definition.

The state court action does not name the Debtor. (State Court Compl.). Its three counts do not seek possession of the property that Debtor is alleged to occupy. (*Id.*). Instead, it simply argues that the Defendant is liable to Plaintiff for damages owing under the Operative Lease. In defending that claim, the Defendant argues that the claims "should have been asserted against the Debtor." (Notice of Removal ¶ 10). If a judge or jury agrees that Plaintiff cannot enforce the

4

Operative Lease against the Defendant, judgment will be entered the Defendant's favor. If not, a judgment will enter in the Plaintiff's. Neither outcome can conceivably impact the Debtor's estate. Thus, the state court action is not "related to" the Debtor's bankruptcy.

Nor does the state court action suit involve property of the estate. A debtor's filing "a petition 'creates an estate' that, with some exceptions, comprises 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *City of Chicago v. Fulton*, 141 S. Ct. 585, 589, (2021) (citing 11 U.S.C § 541(a)(1. As set forth above, the state court action does not seek possession of the leasehold. (State Court Compl.). It seeks only damages from the Defendant based on its breach of the Operative Lease. (State Court Compl.). Thus, while it is true that the "[Superseded] Lease and the Sublease agreements constitute property of the Debtor and of the Estate…," (Notice of Removal ¶ 17), it is equally true that the Operative Lease—the only lease at issue in the state court action—is not property of the Estate. Whether the Debtor has any claims against the Plaintiff, (*see* Notice of Removal ¶¶ 19-43), is a question the Trustee will answer and will not be resolved in any way in the state court action. Finally, whether the Debtor is an indispensable party to the state court action, (*see* Notice of Removal ¶¶ 44-47), can be decided by the state court action with no impact on the Debtor: If the Debtor is found to be an indispensable party, the state court will dismiss the complaint for failure to join an indispensable party. R. 4:28-1(b). Either way, the Debtor's claims under the Superseded Lease will not be addressed. Thus, the state court action does not implicate property of the Estate.

## **CONCLUSION**

For these reasons, the Plaintiff requests that the Court grant its Motion to Remand the action to state court.

LANCIANO & ASSOCIATES, LLC
*Counsel for the Plaintiff*

_____
Larry E. Hardcastle, II, Esq.

Dated: June 3, 2021